UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| EDIE L. ROGAN,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK STATE UNIVERSITY, *et al.*,<br><br>Defendants. | Civil No. 2:16-cv-318 |

## ORDER

Currently pending before the Court are Defendants' Motion to Dismiss Under Rule 12(b)(5) (ECF No. 15) and Plaintiff's related Motion for Extension of Time to Serve the Complaint (ECF No. 20). Because Plaintiff has good cause for effecting untimely service and, alternatively, merits a discretionary extension, Plaintiff's Motion is granted and Defendants' Motion is denied.

### I. BACKGROUND

This dispute arises from the termination of Plaintiff Edie L. Rogan's employment with Defendant Norfolk State University. *See* Complaint, ¶¶ 10-80 (ECF No. 1). After receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on March 25, 2016, Ms. Rogan timely filed suit against Defendants Norfolk State University and the Norfolk State University Board of Visitors (collectively "the University") on June 22, 2016. *See id.*, ¶¶ 7-8. She alleges race-based discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964. *See id.*, ¶ 1. Ms. Rogan concomitantly moved to seal the Complaint, to allow settlement

1

negotiations to proceed in private—without a public airing of Ms. Rogan's grievances. *See* Mot. Seal (ECF No. 3).

Ninety-nine days later, with Ms. Rogan's Motion to Seal still pending, the Court issued an Order to Show Cause why the case should not be dismissed for failure to serve any defendant. Show Cause Order (ECF No. 6). On October 20, 2016, Ms. Rogan responded to the Order to Show Cause. Pl.'s Show Cause Resp. (ECF No. 7). She also filed a Motion to Unseal the Complaint and Issue Summons. Mot. Unseal (ECF No. 8). At that time, she emailed both filings to the University, along with copies of the Complaint and draft Summons. The next day, the University responded, alleging "inaccurate and misleading assertions" by Ms. Rogan and requesting that the Court dismiss this action because of the untimely service. Defs.' Show Cause Resp. at 1-2 (ECF No. 9). Ms. Rogan replied to the University's filing. Pl.'s Show Cause Reply (ECF No. 10).

On November 9, 2016, the Court granted Ms. Rogan's Motion to Unseal the Complaint and Issue Summons, and contemporaneously provided twenty-one days for her to effectuate service. Min. Order (ECF No. 11). No Summons issued until eight days later, on November 17, leaving only thirteen days to effect service. Summons Issued (ECF No. 14). The private process server retained by Ms. Rogan received the Summons on November 25. Pl.'s Resp. at 3 (ECF No. 19). On November 30, the process server attempted to timely serve the University's counsel but was told that she was unavailable. *Id.* at 4. The process server attempted service again on December 5, but was again informed of counsel's unavailability. *Id.* Finally, on December 6, the process server successfully located and served the University's counsel. *Id.* Ms. Rogan did not learn that her service was untimely until the University filed its Motion to Dismiss. *Id.*

The University moved to dismiss under Federal Rule of Civil Procedure 12(b)(5), asserting untimely service. Mot. Dismiss & Mem. (ECF Nos. 15, 16). Thereafter, Ms. Rogan filed a

Response in Opposition to the Motion to Dismiss (ECF No. 19) and a Motion for Extension of Time to Serve the Complaint (ECF No. 20). The University replied to Ms. Rogan's Response (ECF No. 24) and responded to the Motion for an Extension (ECF No. 26). Following receipt of the parties' *nine* increasingly heated filings on the subject of timely service (ECF Nos. 8, 9, 10, 15, 16, 19, 20, 24, 26),[1] the issue is now overripe for resolution by the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) empowers defendants to move for dismissal, without prejudice, when a plaintiff fails to effect timely service. "A plaintiff may defend against a Rule 12(b)(5) motion to dismiss by establishing adequate service" under Rule 4(m). *Danik v. Hous. Auth. of Balt. City*, 396 F. App'x 15 (4th Cir. Sept. 15, 2010) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)). Rule 4(m) affords ninety days from filing suit to serve the summons and complaint, and federal courts either: (A) must grant an extension upon a showing of good cause or (B) may grant an extension at their discretion.[2] *Henderson v. United States*, 517 U.S. 654, 662 (1996). "In determining what is and what is not good cause, the federal courts obviously are obliged to balance the clear intent of Rule 4(m) and the desire to provide litigants their day in court." 4B FEDERAL PRACTICE & PROCEDURE § 1137; *accord Scott v. Md. Dep't of Labor*, No. 15-1617, 2016 WL 7378091, at *3 (4th Cir. Dec. 20, 2016). "[W]here actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the

---

[1] The parties incorporate their earlier filings into their briefings on the currently pending motions.

[2] The Court recites the United States Supreme Court's standard for an extension under Rule 4(m), but notes some uncertainty regarding discretionary extensions within the United States Court of Appeals for the Fourth Circuit. On this point, the Court agrees with Judge Trenga that the 2015 amendments to Rules 1 and 4(m) implicitly overruled the Fourth Circuit's holding in *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir.1995), which prohibited discretionary extensions. *See Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 581-85 (E.D. Va. 2016) (also noting *Mendez* is "idiosyncratic," "atextual," and has been rejected by every other circuit court of appeal); *see also LHF Prods., Inc. v. Does*, No. 3:16-cv-274, 2016 WL 7422658, at *6 (E.D. Va. Dec. 22, 2016) (adopting *Robinson's* rejection of *Mendez*).

opportunity for a trial on the merits." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). Although actual notice typically warrants liberal construction of the rules, they "are there to be followed, and plain requirements . . . may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### III. ANALYSIS

Because a preliminary service of process issue has given rise to substantial vitriol among counsel to this case, the principles underlying federal litigation generally are reviewed here. The Federal Rules of Civil Procedure impose reasonable limitations on the conduct of civil actions in the federal courts, serving the Rules' primary purpose "to promote the ends of justice, not to defeat them." *Furka v. Great Lakes Dredge & Dock Co.*, 755 F.2d 1085, 1089 (4th Cir. 1985) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). "Courts apply the procedural rules to ensure orderly proceedings but also 'in view of the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

#### A. Rule 4(m) Entitles Ms. Rogan to Extended Time for Service

The University urges the Court to dismiss Ms. Rogan's Complaint, essentially extinguishing her claims, because service was effected six days late. The Court declines to do so.

##### 1. Because the Pending Motions Present Identical Issues, the Court Considers Them in Tandem

In response to Ms. Rogan's Motion for an extension, the University counters that because she has already obtained one extension under Rule 4(m), another extension can only be granted under Rule 6(b)'s "excusable neglect" standard. Defs.' Extension Resp. at 2. The University is mistaken—receiving one extension does not exhaust those available under Rule 4(m). As one leading treatise explains, "as long as some legitimate reason exists to grant each [extension under

4

Rule 4(m)] and there is no prejudice to the defendant . . . [t]he court should have discretion to permit the action to proceed even if two or more extensions are necessary to complete service." 4B FEDERAL PRACTICE & PROCEDURE § 1137. Therefore, the requested extension can be granted under Rule 4(m)—the exact standard applied to the University's Motion to Dismiss for untimely service. *See Danik v. Hous. Auth. of Balt. City*, 396 F. App'x 15 (4th Cir. Sept. 15, 2010) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)) ("A plaintiff may defend against a Rule 12(b)(5) motion to dismiss by establishing adequate service" under Rule 4(m)). Because Ms. Rogan's motion and the University's motion present identical issues and facts, the Court considers them together.

### 2. Ms. Rogan Has Good Cause for the Six-Day Delay in Effecting Service

Under Rule 4(m), "[w]hat amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *see also Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) (noting fact-specific nature of Rule 4 determinations). For example,

> good cause is likely . . . to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process . . . , the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances.

4B FEDERAL PRACTICE & PROCEDURE § 1137 & nn.6, 24 (collecting cases); *see also Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (laying out eight similar factors courts may consider to find good cause).

As a threshold matter, the University's motion urges the Court to "[d]ismiss [Ms. Rogan's] Complaint, *without prejudice*," as required by Rule 4(m).[3] Def.'s Dismissal Mem. at 1 (emphasis in

---

[3] The plain text of Rule 4(m) allows courts only to "dismiss the action without prejudice." Fed. R. Civ. P. 4(m); *see also* 4B FEDERAL PRACTICE & PROCEDURE § 1137 & n.58 (collecting cases). In extreme cases of failure to timely effect service, courts may dismiss an action with prejudice, but only under Rule 16(f) (as a litigation sanction) or under

original). However, as Ms. Rogan correctly observes, this is "somewhat misleading," because it "insinuate[s] that . . . the Complaint could be refiled."[4] Pl.'s Dismissal Resp. at 4. It cannot.

Ms. Rogan's claims arise under Title VII of the Civil Rights Act of 1964, which requires her to file suit within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (2012). Because more than ninety days have elapsed since Ms. Rogan's right-to-sue letter issued, any dismissal at this juncture would preclude refiling the suit. The University's assertion that this fact "is [not] relevant to the court's exercise of discretion in ruling on the matter" is almost frivolous. Reply at 2. Courts "place the most emphasis on a statute of limitations bar" among the factors considered in granting Rule 4(m) extensions. 4B FEDERAL PRACTICE & PROCEDURE § 1137 & n.25 (collecting cases). As the Fourth Circuit has explained, "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

The six-day delay inflicted no prejudice. The University has possessed electronic and paper copies of the Complaint since Ms. Rogan filed suit on June 22, 2016. *See* Pl.'s Dismissal Resp. at 2-3. Since mid-October, the University has advocated for its interests in this proceeding. *See* Defs.' Good Cause Resp. Despite the University's protestations that Ms. Rogan might have been manipulating the litigation, it has managed to advance a zealous defense.

The University next asserts that, rather than being only six days late, Ms. Rogan effected service seventy-seven days late. Although the original deadline for service expired some time ago, the Court granted an extension—effectively resetting the deadline for service to November 30, 2016.

---

Rule 41(b) (for failure to prosecute). *Id.* & nn.57-63 (discussing courts' options for dismissal with prejudice in "the most extreme of situations" and collecting cases).

[4] The University objects strenuously to characterizing its Motion as "misleading" and "false" on this point. Its decision to add emphasis to "*without prejudice*" in both its Motion and Memorandum in Support speaks for itself.

*See* Fed. R. Civ. P. 4, advisory committee note to 2015 amendment ("Shortening the *presumptive* time for service [to 90 days] will increase the frequency of occasions to extend the time.") (emphasis added). The issue is settled.

Several instances of third-party conduct also contributed to the six-day delay. On October 20, 2016, Ms. Rogan moved for issuance of the Summons. The Court granted her Motion on November 9 and provided twenty-one days to effect service. However, the Summons did not issue until eight days later, leaving Ms. Rogan with only thirteen days to serve the University. Until the Summons issued, Ms. Rogan could not effect service. *See Scott v. Md. Dep't of Labor*, No. 15-1617, 2016 WL 7378091, at *4 (4th Cir. Dec. 20, 2016) (considering court delays in finding good cause). Additionally, the University twice sent away the process server, informing him that counsel was unavailable during his first two service attempts. *Cf.* 4B FEDERAL PRACTICE & PROCEDURE § 1137 (explaining that courts consider whether a defendant has evaded service in finding good cause). Finally, the private process server did not attempt service for five days after receiving the documents, and did not inform Ms. Rogan that he had failed in his early service attempts or that service had been untimely. *See id.* (explaining that courts consider a process server's conduct in finding good cause).

In sum, the Court finds, based on all the relevant facts and circumstances, that Ms. Rogan has shown good cause for her delay. Her motion for a second extension is, therefore, well-taken.

### 3. Even If Ms. Rogan Lacked Good Cause, the Court Would Exercise Its Discretion to Extend Time for Service

Even if the foregoing were insufficient to constitute good cause for Ms. Rogan's delay, the Court would exercise its discretion to extend Ms. Rogan's time to effect service. All relevant facts and circumstances—including the prejudice to Ms. Rogan, the lack of prejudice to the University,

7

the brevity of delay, the delay in issuing the summons, the unavailability of the University's counsel, and the private process server's performance—warrant a discretionary extension.

### B. The Court Also Extends the University's Time to Answer the Complaint

Left unaddressed in the parties' nine filings regarding timely service is the issue of timely answering the Complaint. In general, "[a] defendant must serve an answer ... within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Today's ruling deems Ms. Rogan's Complaint timely filed as of December 6, 2016, and the University now finds itself in need of an extension of time to answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

To effectuate the efficient prosecution of this matter, the Court *sua sponte* construes the University's timely-service briefings liberally, interpreting those filings as a request for an extension of time to answer. *See Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 585 (E.D. Va. 2016) (construing the defendant's papers in support of a Rule 4(m) dismissal as motions to extend the time to file responsive pleadings); *see also* Fed R. Civ. P. 1. A court may extend the time for filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In light of the protracted controversy over timely service of the Complaint, the Court finds the University's delayed answer to be excusable. *See Robinson*, 193 F. Supp. 3d at 585 (holding that "[d]efendants' failure to file a responsive pleading while litigating the Rule 4(m) issue presented here is sufficient to establish excusable neglect justifying an extension of time to file pursuant to Rule 6(b)") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The Court extends the University's time to answer the Complaint to twenty-one days from the issuance of this Order.

### C. A Final Note on Conduct of Counsel

Although zealous representation is laudable, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court *and the parties* to secure the *just, speedy, and*

*inexpensive* determination of every action and proceeding." Fed R. Civ. P. 1 (emphasis added). Accordingly, counsel must work cooperatively to effectuate the just and speedy resolution of this litigation. Further *ad hominem* attacks and behavior that diminishes the high degree of professionalism expected by this Court will compel sanctions.

IV. **CONCLUSION**

For the reasons stated herein, the University's Motion to Dismiss (ECF No. 15) is **DENIED** and Ms. Rogan's Motion for an Extension of Time (ECF No. 20) is **GRANTED**.

The University is **ORDERED** to file its Answer within twenty-one (21) days.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

5-17, 2017
Norfolk, Virginia

9